IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEGUIDE.COM SAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Misc. No. 21-mc-219-JLH-SRF |
| ) | |
| GOOGLE LLC AND ALPHABET INC., ) | |
| ) | |
| Respondents. ) | |

## <u>MEMORANDUM ORDER</u>

At Wilmington this **21st** day of **January, 2025**, the court having considered the parties' submissions regarding: (1) petitioner LeGuide.com SAS's ("Petitioner") motion to lift the stay and amend the subpoena requests (D.I. 45; *see also* D.I. 49; D.I. 50; D.I. 51; D.I. 52; D.I. 53; D.I. 54[1]); and (2) Petitioner's application for an order of judicial assistance pursuant to 28 U.S.C. § 1782 (the "Application") (D.I. 1; *see also* D.I. 2; D.I. 3; D.I. 4; D.I. 7; D.I. 8; D.I. 10; D.I. 11; D.I. 14; D.I. 15 D.I. 16; D.I. 17; D.I. 18; D.I. 20; D.I. 21; D.I. 22; D.I. 23; D.I. 24; D.I. 25; D.I. 26; D.I. 32; D.I. 35; D.I. 36; D.I. 37; D.I. 38; D.I. 39; D.I. 41); IT IS ORDERED that the motion to lift the stay is GRANTED, the Application is DENIED without prejudice, and the motion to amend the subpoena requests is DENIED as moot for the following reasons.

**1. Background.** On February 10, 2017, Petitioner filed an action before the Paris Commercial Court (the "French Proceeding") against Google LLC, Alphabet, Inc. (together, "Respondents"), Google Ireland Ltd., and Google France (collectively with Respondents, the "French Defendants"). (D.I. 4 at ¶¶ 1, 16-17) In the French Proceeding, Petitioner alleges that the French Defendants engaged in anticompetitive practices in the online comparison-shopping

---

[1] Petitioner's unopposed motion for leave to file a response to Respondents' notice of subsequent authority is GRANTED. (D.I. 54) As noted in the title of the filing, the motion is unopposed, and the court has considered the authority cited by Petitioner in the foregoing analysis.

market. (*Id.*) At the request of the Paris Commercial Court, in September of 2018, Petitioner provided a preliminary estimate of its damages relating to Google's anticompetitive conduct and brought a request for documents before the tribunal to improve its damages estimate and obtain documents needed to support its claims. (*Id.* at ¶ 22, 25; Ex. 7)

  **2.** After Petitioner initiated the French Proceeding, the European Commission issued two decisions regarding Google's anticompetitive practices. On June 27, 2017, the European Commission found that Google abused its dominant position in the online comparison-shopping market in Europe by self-preferencing its own comparison-shopping engine ("CSE") and demoting other CSEs on its search engine results pages (the "EC Shopping Decision"). (*Id.* at ¶ 18) Google appealed the EC Shopping Decision to the General Court in Luxembourg. (*Id.* at ¶ 19)

  **3.** On March 20, 2019, the European Commission found that Google abused its position in the online search advertising and online search advertising intermediation markets by pressuring third parties to enter contracts containing anticompetitive provisions regarding online search advertising (the "EC AdSense Decision"). (*Id.* at ¶ 20) Google also appealed the EC AdSense Decision to the General Court in Luxembourg. (*Id.* at ¶ 21)

  **4.** In June of 2019, the French Proceeding was stayed pending the final resolution of the EC Shopping Decision. (*Id.* at ¶ 27; Ex. 8) At the same time, the Paris Commercial Court dismissed Petitioner's request for documents due to the stay, indicating that it would rule on the merits of the request once the EC Shopping Decision appeal was resolved and the stay of the French Proceeding was lifted. (*Id.*, Ex. 8 at 7)

  **5.** On June 14, 2021, while the French Proceeding remained stayed, Petitioner filed the pending Application in this court to obtain discovery for use in the French Proceeding. (D.I. 1)

2

Petitioner served a subpoena on each Respondent seeking the production of documents responsive to nine requests in Respondents' possession, custody, or control in the United States. (D.I. 3, Ex. 2) Petitioner also served a subpoena on each Respondent seeking testimony on nine deposition topics. (*Id.*)

6. On April 12, 2022, the court held a status conference on the Application and a related Section 1782 application brought by Whitewater Capital Limited ("Whitewater").[2] (D.I. 29; D.I. 50, Ex. 1) The court determined that Requests 1 to 5 for documents were "overbroad on their face" and declined to permit discovery for claims outside the scope of the EC Shopping and EC AdSense Decisions because such discovery would amount to a "fishing expedition." (D.I. 50, Ex. 1 at 6:7-7:4) The court encouraged the parties to negotiate on narrowing the scope of the requests and articulating the burden of producing the documents with more specificity. (*Id.*, Ex. 1 at 7:5-9) By way of example, the court stated that "a request for all documents produced in another proceeding is not an appropriate request[.]" (*Id.*, Ex. 1 at 7:11-12)

7. On July 4, 2022 and again on January 23, 2023, the Paris Commercial Court issued decisions ordering that the stay of the French Proceeding remain in place until the European Court of Justice ("ECJ") issued a final decision in the appeal of the EC Shopping Decision. (D.I. 36, Ex. B; D.I. 41, Ex. A) On February 14, 2023, this court issued an order staying consideration of the Application pending exhaustion of the European appeals. The court cited the overbreadth of Petitioner's discovery requests, the burden on Respondents to review the responsive material, and the resultant inefficiencies of moving forward before the European appeals are exhausted. (D.I. 42 at 2-3)

---

[2] Whitewater's Section 1782 application was voluntarily dismissed with prejudice on October 16, 2024. (C.A. No. 21-mc-218-JLH, D.I. 41)

3

8. On September 10, 2024, the ECJ upheld the judgment of the General Court and dismissed Respondents' appeal of the EC Shopping Decision in its entirety. (D.I. 43 at 2-3) As a result, Petitioner moved to lift the stay and expressly reserved its document production requests in the French Proceeding on September 18, 2024. (*Id.* at 12) The Paris Commercial Court lifted the stay of the French Proceeding on October 11, 2024. (*Id.* at 5, 7; D.I. 49 at 2)

9. Petitioner moved to lift the stay of this action and amend its subpoena requests on December 4, 2024. (D.I. 45) Petitioner eliminated three of the nine original document requests in its proposed amended subpoena. (D.I. 49, Ex. B at 10-14) The remaining six document requests are otherwise nearly identical in scope to the original requests, an exception being that Petitioner excluded requests related to AdSense since the EC AdSense Decision was overturned. (*Id.*; D.I. 43 at 4)

10. The narrowed requests seek the production of: (1) an unredacted copy of the ECJ decision in the EC Shopping case and all documents and communications produced by Google to the European Commission in that case; (2) all documents and communications from a nearly ten-year period regarding the way Google demoted or adjusted CSEs; (3) all documents and communications showing monthly data for traffic metrics and costs / revenue generated by Google's CSEs; (4) all documents and communications regarding Respondents' internal assessments of the remedies implemented in accordance with the EC Shopping Decision; (5) all correspondence between Respondents and the European Commission regarding those remedies; and (6) all documents and communications regarding the number of "Paid Product Results" offered by Petitioner or Google Shopping following the auction organized by Google as part of the remedies implemented since September of 2017. (D.I. 49, Ex. B at 10-14) These six

4

categories in Petitioner's narrowed requests for production are the subject of the parties' present dispute regarding Petitioner's motion to amend the subpoenas.

**11. Legal standard.** Section 1782 of Title 28 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made ... upon the application of any interested person[.]" 28 U.S.C. § 1782(a). The aim of the statute is to "facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership position among world nations in this respect." *In re Bayer AG*, 146 F.3d 188, 191-92 (3d Cir. 1998).

**12.** The court follows a two-step process to determine whether to grant judicial assistance under 28 U.S.C. § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). First, the court analyzes whether the statutory conditions of Section 1782 are satisfied. *Id.* at 263–64. Next, the court determines in its discretion whether the requested discovery should be allowed under the four factors identified by the Supreme Court in *Intel*:

> (1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; [and] (4) whether the subpoena contains unduly intrusive or burdensome requests.

*In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016) (citing *Intel*, 542 U.S. at 264–65). "*Intel* does not mandate that every factor support a court's exercise of discretion or that all factors need even be considered. Rather, it provided the factors to illuminate considerations relevant to the decision of whether to authorize assistance for use in proceedings before a foreign tribunal." *In*

5

*re Eli Lilly & Co.*, 37 F.4th 160, 168 (4th Cir. 2022). The party opposing discovery has the burden of demonstrating any facts warranting denial of the Application. *In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011).

**13. Analysis.** The three motions for relief currently pending before the court in this matter are: (1) Petitioner's motion to lift the stay in this proceeding (D.I. 45); (2) Petitioner's Application for an order of judicial assistance pursuant to 28 U.S.C. § 1782; and (3) Petitioner's motion to amend the subpoena requests. The court addresses each motion in turn.

**14. *Petitioner's motion to lift the stay is GRANTED.*** The court entered the stay in this case based on its "agree[ment] with Respondents that it would be more efficient to stay these proceedings until one or both of the European appeals are exhausted[.]" (D.I. 42 at 3) There is no dispute that the appeals of the EC Shopping Decision have now been exhausted. (D.I. 43 at 1-3) The EC AdSense Decision was annulled by the General Court, and the European Commission has since appealed that judgment to the ECJ. (*Id.*; D.I. 49 at 2 n.2) The status of appeals relating to the EC AdSense Decision has no bearing on the instant dispute because Petitioner no longer seeks discovery regarding that decision. (*Id.*) Consequently, Petitioner's motion to lift the stay is GRANTED.

**15. *Petitioner's Section 1782 Application is DENIED without prejudice.*** Respondents contend that Petitioner's Application should be denied for two reasons. First, Respondents argue Petitioner fails to satisfy the statutory requirement of showing that the requested discovery is "for use in a foreign proceeding before a foreign or international tribunal" because the EC Shopping and AdSense Decisions were not yet final. (D.I. 14 at 20-22) This argument is now moot. Respondents also contend that the "for use" requirement is not satisfied because Petitioners'

6

document requests and categories of testimony are overbroad and amount to a fishing expedition. (*Id.* at 21-22)

16. The court previously determined that the requested documents appeared to satisfy the statutory "for use" requirement while withholding a final decision on whether to grant the Application until more information was provided. (D.I. 50, Ex. 1 at 3:13-21) To demonstrate that the material at issue is "for use" in a foreign proceeding, the petitioner must meet a "low threshold" by showing that "the evidence sought is something that will be employed with some advantage or serve some use in the proceeding." *In re Selman*, C.A. No. 23-895-CJB, 2024 WL 1092025, at *3 (D. Del. Mar. 13, 2024) (quoting *In re Ex Parte Application of Eni S.p.A.*, C.A. No. 20-mc-334-MN, 2021 WL 1063390, at *3 (D. Del. Mar. 19, 2021)). Applying this "low threshold" to the circumstances of this case, the court finds no basis to disturb the prior determination that the statutory "for use" requirement is satisfied.

17. Next, Respondents contend that the discretionary *Intel* factors weigh against granting the Application. (D.I. 14 at 22-39) For the reasons described below, the *Intel* factors support Respondents' position that the Application should be denied under either the original or the proposed amended subpoena requests.

18. The first *Intel* factor, which asks whether the evidence sought is obtainable without invoking Section 1782, weighs against Petitioner because Respondents are parties to the French Proceeding. *See Intel*, 542 U.S. at 264 (explaining that "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence."). Where the discovery sought is "in the possession of a party subject to the [foreign] courts' jurisdiction, [ ] it is obtainable there without § 1782(a) aid." *SPS Corp I, Fundo de Investimento em Direitos Creditrios Nao Padronizados v. Gen. Motors Co.*, 110 F.4th 586, 592 (3d Cir. 2024). Because

7

Respondents are parties to the French Proceeding, they are subject to the jurisdiction of the French court, which may order Respondents "to produce whatever evidence their laws require." *Amazon.com, Inc. v. Nokia of Am. Corp.*, C.A. No. 24-493-GBW, D.I. 31 at 9-10 (D. Del. Jan. 16, 2025); *In re Nokia Techs. Oy*, C.A. No. 23-1395-GBW, 2024 WL 1675025, at *3 (D. Del. Apr. 18, 2024) (citing *Via Vadis Controlling GmbH v. Skype, Inc.*, C.A. No. 12-mc-193-RGA, 2013 WL 646236, at *2 (D. Del. Feb. 21, 2013)); *see also In re Application of Gilead Pharmasset LLC*, C.A. No. 14-mc-243-GMS, 2015 WL 1903957, at *2-3 (D. Del. Apr. 14, 2015) (finding first factor weight against granting the § 1782 application where the respondent was a defendant in all four foreign proceedings).

19. Petitioner cites *In re Application of Auto-Guadeloupe Investissement S.A., for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, 2012 WL 4841945, at *5 (S.D.N.Y. Oct. 10, 2012), for the proposition that a petitioner may prevail on a Section 1782 application even when the discovery target is a party to the foreign proceedings. (D.I. 54-1 at 2) In that case, however, "the applicant did not know the precise documents to request" in accordance with French discovery practices. (*Id.*) Case authority from this district has rejected an approach that would require determining whether the requested documents are discoverable under the foreign tribunal's procedures. *See In re Ex Parte Application of Eni S.p.A.*, 2021 WL 1063390, at *3 (explaining that the district court is not required to predict the actions of another country's tribunal in ruling on a Section 1782 application); *Via Vadis*, 2013 WL 646236, at *2 (finding first *Intel* factor counseled against compelling the discovery despite the narrow scope of German discovery laws).

20. Moreover, the circumstances of this Application are factually distinguishable from those in *In re Application of Auto-Guadeloupe Investissement S.A.*, where the petitioner expressly stated it "does not know the precise correspondence or specific documents to request." 2012 WL 4841945, at *5. Here, in contrast, Petitioner knew what to request in the French Proceeding and asked for it. The French tribunal denied the request as premature and instructed Petitioner to renew its request once a final determination had been reached in the EC Shopping Decision. (D.I. 4, Ex. 8 at 7) There is no indication on this record that Petitioner did not know how to articulate its discovery requests to the French tribunal. Petitioner may pursue this avenue for discovery without the need to invoke Section 1782. (D.I. 51 at ¶¶ 9-10)

21. The second *Intel* factor is neutral. The relevant inquiry under the second factor is whether the foreign court is receptive to U.S. federal court assistance, regardless of whether the evidence would be admissible in the foreign court. *In re O'Keefe*, 646 F. App'x at 267. The court may also consider "the nature of the foreign tribunal" and "the character of the proceedings underway abroad[.]" *Intel*, 542 U.S. at 264. Respondents do not dispute that the French tribunal "will not categorically deny consideration of § 1782 discovery[.]" (D.I. 14 at 27) "However, even when a discovery request is sufficiently relevant to be deemed 'for use' in a foreign proceeding, there is nothing that prevents district courts from considering relevancy under the discretionary *Intel* factors, including the second factor[.]" *In re Schlich*, 893 F.3d 40, 52 (1st Cir. 2018). As explained in more detail below in connection with the fourth *Intel* factor, the court already found Petitioner's discovery requests to be "overbroad on their face" and suggested that they were not sufficiently tied to the scope of the EC Shopping Decision or the follow-on claims for damages. (D.I. 42 at 2; *see also* D.I. 50, Ex. 1 at 5:8-15, 6:7-7:12)

9

**22.** The third *Intel* factor weighs against granting the Application. "The third *Intel* factor calls for a determination of whether the § 1782 request is essentially an attempt to circumvent foreign proof-gathering restrictions." *Via Vadis*, 2013 WL 646236, at *2. Petitioner already sought discovery in the French Proceeding, and the French court ordered that it would "only rule on the issue of document production once the decision of the European courts has become final and the proceedings have resumed" because "the request for documents relates to the merits of the case and the nature and extent of the documents requested by [Petitioner] to quantify more accurately any damages it suffered depends on the final decision of the European courts." (D.I. 15 at ¶ 41) Now, the appeals of the EC Shopping Decision have been exhausted, and the stay of the French Proceeding has been lifted. Nonetheless, Petitioner has not renewed its discovery requests in the Paris Commercial Court as instructed by that tribunal. (*Id.*) Petitioner's failure to renew its discovery requests in the French Proceeding, as instructed by the French court, "creates the appearance of circumvention of foreign proof-gathering restrictions." *Mussington v. Deborah Brosnan & Assocs., LLC*, 708 F. Supp. 3d 1, 19 (D.D.C. 2023); *see Amazon.com*, C.A. No. 24-493-GBW, D.I. 31 at 11 (explaining that, while the petitioner was not required to exhaust all potential discovery procedures in the foreign tribunal, it must still attempt to seek discovery in that tribunal).

**23.** In its response to Respondents' notice of subsequent authority, Petitioner relies on the Third Circuit's decision in *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1988), which held that the comity concerns implicated by a Section 1782 application "are applicable only when the substance of the discovery is objectionable," and they should not be used "to refuse discovery based upon its unavailability in a foreign court." (quoting *In re Metallgesellschaft AG*, 121 F.3d 77, 80 (2d Cir. 1997)). This case is distinguishable because Petitioner was invited by the French

tribunal to renew its discovery requests in the French Proceeding, and any suggestion that the French tribunal would deny those requests at this stage is speculative. The fact that Petitioner was instructed to renew its requests in the French Proceeding once the EC Shopping Decision was final and Petitioner instead chose to pursue the discovery via the instant Application "creates the appearance of circumvention of foreign proof-gathering restrictions." *Mussington*, 708 F. Supp. 3d at 19.

**24.** The fourth and final *Intel* factor also weighs against granting the Application. The court considers "whether the discovery sought is unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. This analysis "is virtually identical to the familiar 'overly burdensome' analysis that is integral" to the analysis under Rule 26 of the Federal Rules of Civil Procedure. *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 85-86 (3d Cir. 2016). The court previously assessed the discovery requests brought under the original subpoenas and concluded that they were overbroad on their face. (D.I. 50, Ex. 1 at 6:7-7:12; D.I. 42 at 2) On this record, the court finds no basis to depart from its prior assessment. (D.I. 15, App'x A; D.I. 18 at ¶¶ 4-12, 31-46)

**25.** Petitioner's proposed amended discovery requests fare no better. Despite the court's admonition that it was "very disinclined to require production of everything produced by the Respondents to the European Commission or to other tribunals," (D.I. 50, Ex. 1 at 7:1-3), Petitioner's first proposed amended document request seeks "all Documents and Communications produced by Google to the European Commission in the context of the EC Google Shopping case[,]" (D.I. 49, Ex. B at 10). The court expressly stated that "a request for all documents produced in another proceeding is not an appropriate request, in my view." (D.I. 50, Ex. 1 at 7:11-12) Yet Petitioner continues to request exactly that.

11

**26.** The court also previously found that Petitioner's original discovery requests were overbroad on their face and imposed an undue burden on Respondents to produce more than six million responsive documents, requiring an estimated 200,000 hours of attorney time. (D.I. 42 at 2) But Petitioner has not meaningfully narrowed the scope of its proposed amended requests. The scope of amended Request No. 2 is nearly identical that of original Request No. 5, removing just one of six sub-categories of documents directed to Google's interest in acquiring Petitioner. (D.I. 49, Ex. B at 11-12; D.I. 52 at ¶¶ 4, 6) The remaining five subsections continue to seek all documents and communications over a ten-year period for facially broad categories of documents. (*Id.*)

**27.** Amended Request Nos. 3 to 6 mirror the scope of original Request Nos. 6 to 9, with no substantive changes. (D.I. 49, Ex. B at 13-14; D.I. 52 at ¶ 4) Thus, these requests remain facially overbroad. (D.I. 42 at 2) Petitioner has also failed to establish the relevance of these requests considering the court's finding that the scope of discovery should be limited to the scope of the EC Shopping Decision and/or Petitioner's follow-on claims. (D.I. 50, Ex. 1 at 6:7-25) Instead, Petitioner affirmatively represents that the requests exceed the scope defined by the court because they are directed to "quantify[ing] additional damages that were sustained by [Petitioner] as a result of Respondents' abuse continuing beyond the infringement period addressed by the EC Shopping Decision." (D.I. 31 at 37) Petitioner did not identify these requests among those relevant to the follow-on claims in the French Proceeding. (*Id.* at 33-37) Because Petitioner's proposed amended requests do not cure the burdensome and overbroad nature of the original requests, the fourth factor weighs against granting Petitioner's Application. *See In re Nokia Techs. Oy*, 2024 WL 1675025, at *3.

28. On balance, the *Intel* factors weigh against Petitioner. Consequently, the court exercises its discretion to deny Petitioner's Application.

29. ***Petitioner's motion to amend its subpoena requests is DENIED as moot.*** Based on the foregoing analysis determining that Petitioner's proposed amended subpoena requests would not pass muster under the discretionary *Intel* factors, Petitioner's motion to amend the subpoena requests is DENIED as moot.

30. Conclusion. For the foregoing reasons, IT IS ORDERED that:

   A. Petitioner's motion to lift the stay is GRANTED. (D.I. 45)

   B. Petitioner's Section 1782 Application is DENIED without prejudice. (D.I. 1)

   C. Petitioner's motion to amend its subpoena requests is DENIED as moot. (D.I. 45)

   D. Petitioner's unopposed motion for leave to file a response to Respondents' notice of subsequent authority is GRANTED. (D.I. 54)

31. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

32. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge